UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WILLIAM STEVENS, ) | |
| ) | |
| Plaintiff ) | |
| ) | No. 3:07-0748 |
| v. ) | Judge Trauger/Bryant |
| ) | |
| RICKY BELL, Warden, ) | |
| ) | |
| Defendant ) | |

### MEMORANDUM AND ORDER

Petitioner William Stevens filed his motions for discovery (Document Entry Nos. 26 and 30), to which the respondent filed a response in opposition (Docket Entry No. 56). Petitioner filed a reply (Docket Entry No. 59).

Petitioner's motions for discovery have been referred to the undersigned Magistrate Judge for disposition (Docket Entry No. 36).

The undersigned Magistrate Judge conducted a hearing on petitioner's discovery motions on May 20, 2009. At that hearing, respective counsel for petitioner and respondent announced that, after conferring, they had resolved by agreement all issues raised by petitioner's motions except one.

The only discovery request remaining in dispute is identified as request II.J in petitioner's motion (Docket Entry No. 26, p. 9). The request reads as follows:

> J.  Any and all documents, including memos, files, and notes, of the Tennessee Supreme Court concerning the proportionality review purportedly conducted by the Court in this case including any and

> all information actually considered or relied upon by the Court in conducting such review.

Section 39-13-206(c)(1)(D) of the Tennessee Code Annotated requires a court reviewing a sentence of death for first-degree murder to determine whether "[t]he sentence of death is excessive or disproportionate to the penalty imposed in similar cases, considering both the nature of the crime and the defendant."

The reported opinion of the Tennessee Supreme Court reviewing petitioner's case states that that Court sought additional briefing and argument on the question of proportionality, *State v. Stevens*, 78 S.W.3d 817, 829 (2002), and explains in some detail factors and other cases that the Court considered in conducting the statutorily mandated proportionality review in petitioner' case. *Id.* at 841-44.

The undersigned Magistrate Judge construes petitioner's request as seeking all documents, formal or informal, generated for or by the Justices of the Tennessee Supreme Court relating to their consideration of the proportionality of petitioner's death sentence.

Petitioner in his motion papers has cited no authority for the proposition that this Court has the power to compel production of informal, nonpublic "memo, files, and notes" of the Tennessee Supreme Court relating to that Court's internal decision-making processes. At the hearing, counsel for petitioner conceded

2

Case 3:07-cv-00748  Document 63  Filed 08/12/09  Page 2 of 3 PageID #: 1141

that she was unaware of any authority or precedent for compelling such production.

In view of the extensive explanation of its proportionality review in the Tennessee Supreme Court's reported opinion in petitioner's case, and in the absence of any legal authority offered by petitioner in support of his request, the undersigned Magistrate Judge finds that petitioner's request II.J in his motion for discovery should be **DENIED**. In view of the parties' agreement regarding petitioner's remaining discovery requests, the remainder of Docket Entry Nos. 26 and 30 should be terminated as moot.

IT IS SO **ORDERED**.

/s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge