IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

```
WILLIAM STEVENS,            )
                            )
     Petitioner,            )
                            )   No: 3:07-0748
          v.                )   Judge Trauger/Bryant
                            )
RICKY BELL, Warden,         )
                            )
     Respondent.            )
```

### **MEMORANDUM AND ORDER**

Petitioner, William Stevens, has filed his third supplemental motion for discovery (Docket Entry No. 88) by which he seeks additional discovery in the form of seriological testing of numerous items of physical evidence collected by law enforcement from the crime scene in this case. The respondent has filed a memorandum in opposition to petitioner's motion (Docket Entry No. 92).

Petitioner's motion has been referred to the undersigned Magistrate Judge for disposition (Docket Entry No. 96). For the reasons stated below, petitioner's third supplemental motion for discovery is **DENIED.**

### **Legal Standard**

Discovery in habeas corpus proceedings pursuant to 28 U.S.C. § 2254 are governed generally by Rule 6 of the Habeas Rules. Rule 6(a) states in pertinent part as follows: "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery."

The discovery process provided in the Federal Rules of Civil Procedure does not automatically apply to habeas proceedings, and habeas petitioners are "not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997); see also Stanford v. Parker, 266 F.3d 442, 460 (6th Cir. 2001). The district court should grant leave to conduct discovery in a habeas corpus proceeding "where specific allegations before the court show reason to believe that the petitioner may, if the facts are more fully developed, be able to demonstrate that he is . . . entitled to relief. . . ." Bracy, 520 U.S. at 908-09 (quoting Harris v. Nelson, 394 U.S. 286, 300 (1967)). The burden of demonstrating the materiality of the discovery sought rests on the moving party. Williams v. Bagley, 380 F.3d 932, 974 (6th Cir. 2004) (citing Stanford v. Parker, 266 F.3d 442, 460 (6th Cir.)).

In addition, federal courts in a habeas corpus proceeding may only consider claims that the petitioner has previously raised before the state courts. 28 U.S.C. § 2254(b); Alley v. Bell, 307 F.3d 380, 385-86 (6th Cir. 2002). For a claim to be considered exhausted, "the habeas petitioner must have 'fairly presented' to the state courts the 'substance' of his federal habeas corpus claim." Anderson v. Harless, 459 U.S. 4, 6 (1982) (quoting Picard v. Connor, 404 U.S. 270, 275, 277-78 (1971)).

## Analysis

Petitioner Stevens was convicted in the Criminal Court for Davidson County, Tennessee, of soliciting his 18-year-old neighbor, Corey Milliken, to kill petitioner's wife, Sandra Stevens, and mother-in-law Myrtle Wilson. In imposing the death

penalty, the jury found two aggravating circumstances: prior violent felony and murder for hire. Milliken confessed to these two killings. In an initial confession, he failed to mention any involvement by petitioner Stevens. However, in a second confession, Milliken stated that he had been hired by petitioner Stevens to commit the murders of Mrs. Stevens and Mrs. Wilson. At trial, the defense did not seek to introduce the initial confession of Mr. Milliken, but presented evidence of Mr. Milliken's sexual infatuation with Mrs. Stevens. The defense theory during the guilt phase at trial was that Milliken committed sexual murder, independent of any involvement by petitioner, as an act of aggression precipitated by an argument with his mother and stepfather the night before the crimes. Stevens v. State, 2006 WL 3831264 (Tenn. Crim. App. Dec. 29, 2006).

Petitioner in this motion maintains that he "requires additional discovery in the form of seriological testing of the physical evidence collected by law enforcement from the crime which is relevant to investigating and establishing violations of his constitutional rights." Specifically, petitioner seeks this discovery in furtherance of his claim of ineffective assistance of trial counsel in that "[h]ad counsel tested the items Petitioner now seeks in this discovery motion, evidence that Mr. Milliken ejaculated, or otherwise left DNA in or near the intimate parts of Mrs. Stevens or Mrs. Wilson, would have been conclusive proof as to Mr. Milliken's true motivation for the crime, establishing that his confession to the rage-sex killing was truthful." (Docket Entry No. 88 at 2).

3

In opposition to petitioner's motion for discovery, respondent argues (1) that petitioner has failed to show reason to believe that he may, if the facts are more fully developed, be able to demonstrate that he is entitled to relief, and (2) that petitioner has procedurally defaulted the claim upon which he seeks discovery by failing to fairly present his claim during state post-conviction proceedings.

From a review of this record, the undersigned Magistrate Judge finds that the specific allegations before the Court fail to show reason to believe that petitioner may, if allowed to pursue the discovery he seeks, be able to demonstrate that he is entitled to relief. Bracy, 520 U.S. at 908-09 (quoting Harris v. Nelson, 394 U.S. 286, 300 (1967)). Contrary to petitioner's argument, if the seriological testing that petitioner seeks demonstrated the presence of bodily fluids containing Milliken's DNA at the crime scene, this additional evidence would not establish conclusively petitioner's innocence. Evidence of a sexual component to Milliken's crime falls far short of conclusive proof that petitioner is innocent of soliciting these murders.

Moreover, the undersigned Magistrate Judge finds that petitioner has failed to exhaust this claim by failing to fairly present it during state post-conviction proceedings. In his amended petition for post-conviction relief, petitioner alleged the ineffective assistance of trial counsel. Among a host of alleged shortcomings of trial counsel, petitioner included a claim that trial counsel had failed to obtain the expert assistance of a forensic pathologist to examine numerous questions, including "whether the forensic evidence supports the fact that a sexual

4

assault in fact occurred, especially whether the superficial post-mortem laceration of the vagina noted by the testifying pathologist, Dr. Emily Ward, could have been caused by activity of a sexual nature at or around the time of death." (Addendum 3 at 243). Despite this assertion in the amended post-conviction petition, petitioner offered no proof or argument on this claim at the post-conviction evidentiary hearing. Moreover, petitioner's post-conviction brief before the Tennessee Court of Criminal Appeals, while asserting other claims of ineffective assistance of trial counsel, fails to mention defense counsel's failure to obtain seriological or DNA testing of evidence recovered from the crime scene (Addendum 5, Document 1 at 56). Finally, the opinion of the Tennessee Court of Criminal Appeals in petitioner's post-conviction proceeding fails to mention any claim by petitioner that his trial counsel was ineffective due to his failure to obtain the seriological testing that he now seeks in this motion. From the foregoing facts in this record, the undersigned Magistrate Judge finds that petitioner has failed to exhaust the claim upon which he now seeks discovery by failing to fairly present this claim before Tennessee state courts during his post-conviction proceeding.

For the foregoing reasons, the undersigned Magistrate Judge finds that petitioner's third supplemental motion for discovery (Docket Entry No. 88) should be **DENIED**.

It is so **ORDERED**.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge